IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - DAYTON

| | |
|---|---|
| **OLWIN METAL FABRICATION LLC,** : | |
| : | **CASE NO: 3:22-CV-00100-MJN-CHG** |
| Plaintiff, : | |
| : | **JUDGE MICHAEL J. NEWMAN** |
| vs. : | |
| : | **MAGISTRATE CAROLINE H. GENTRY** |
| **MULTI-CAM, INC., et al.,** : | |
| : | |
| Defendants. : | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANT MULTICAM, INC.'S MOTION TO DISMISS**

Plaintiff Olwin Metal Fabrication LLC ("Plaintiff"), by and through counsel, hereby opposes Defendant MultiCam, Inc.'s ("Defendant") Motion to Dismiss Plaintiff's First Amended Complaint and Memorandum in Support ("Motion").

**I.  PROCEDURAL HISTORY / STATEMENT OF FACTS**

Plaintiff filed its initial Complaint in the Court of Common Pleas of Montgomery County, Ohio, captioned *Olwin Metal Fabrication LLC v. Multi-Cam, et al.,* Case No. 2022 CV 1134, on or about March 15, 2022 ("Complaint").  In its Complaint, Plaintiff alleged breach of contract, non-acceptance and revocation of acceptance under Texas law, and unjust enrichment.  On April 14, 2022, Defendant successfully removed this case before this honorable Court. *See* Notice of Removal, ECF No. 1.  Subsequently, on April 19, 2022, Plaintiff amended its Complaint to include a claim for fraud.  *See* First Amended Complaint, ECF No. 4 ("Amended Complaint").  Defendant has now filed its Motion to Dismiss Plaintiff's First Amended Complaint. *See* Motion, ECF No. 9.

Plaintiff began conversations with Defendant on or about November 12, 2021 for the purchase of the ARCOS Series Plasma Machine (the "Machine"). *See* Amended Complaint at Page ID 146, ¶ 6. After specific assurances from the Defendant, Plaintiff decided to purchase said Machine. *Id.* at ¶ 8. Subsequently, after payment and installation, the Machine was not working as promised. *Id.* at ¶¶ 8-13. After attempts to work with Defendant to fix the Machine failed, this litigation ensued.

II. ARGUMENT

a. Plaintiff's fraud claim meets the particularity standard under Rule 9(b).

Rule 9(b) requires a party alleging fraud or mistake to state "with particularity" the circumstances constituting the fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally. *See* Fed. R. 9(b). In its Amended Complaint, Plaintiff satisfies this requirement by identifying the "'who, what, when, where, and how' of the alleged fraud." *See Sanderson v. HCA-The Healthcare Co.,* 447 F.3d 873, 877 (6th Cir. 2006) (*quoting U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.,* 125 F.3d 899, 903 (5th Cir. 1997)). Plaintiff has not only alleged specific dates, specific representations and specific individuals, but it also generally alleged the intent as well as described the resulting damages.

Defendant spends a great deal of time discussing the need to differentiate MultiCam, Inc. from MultiCam Great Lakes, but even MultiCam does not make that distinction. Through its own website and agreements, MultiCam refers to itself as "MultiCam Complete CNC Solutions," which includes the "corporate office" as well as the "over 50 technology centers across the globe" and "sales and service representatives in over 100 countries." *See* Amended Complaint, ECF. No. 4 at Page ID 160. In addition, throughout its own agreements, Defendant refers to itself generally

2

as MultiCam. *Id*. at Page ID 159-184 (ARCOS Bridge & Rail Plasma Agreement ("Agreement")). The confusion, then, is not with the Amended Complaint, as alleged in Defendant's Motion, but in the Defendant's own marketing materials.  MultiCam Complete CNC Solutions is a company encompassing, as it boasts, a corporate office along with many technology centers and service representatives throughout the world, including MultiCam Great Lakes. *Id.*  Differentiating them in the Complaint for purposes of particularity is not required because they are, and were, acting as one entity as it relates to the purchase of the Machine.  The Amended Complaint even alleges that both companies are in the same business of "manufacturing cutting machines." *Id.* at Page ID 146, ¶¶ 2-3.

Furthermore, Defendant's attempts to compare the "group pleading" in the *Bledsoe* decision are misguided.  As an initial matter, the *Bledsoe* decision concerns a complaint filed under the False Claims Act, which has specific requirements of its own.  *See U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493 (6th Cir. 2007).  Moreover, the Agreement itself shows that MultiCam, Inc. and MultiCam Great Lakes, Inc. were working as one.  *See* Amended Complaint, ECF No. 4 at Page ID 161 (MultiCam assigned specific technology centers to Plaintiff for demonstration, training, installation and service).  These technology centers all come under the umbrella of what is consistently described as "MultiCam Complete CNC Solutions," what appears to be a full-service company including manufacturing, service and installation. *Id.* at Page ID 159-184.

As to its claim for fraud, Plaintiff made very specific allegations.  First, Plaintiff alleged that it was given specific assurances concerning the purchase of the Machine from Brian Newhouse, a "MultiCam Complete CNC Solutions" employee, as evidenced by his signature

3

block. *See* Amended Complaint, ECF No. 4 at Page ID 146, ¶¶ 7, 158. As a result of those assurances, Plaintiff agreed to, and did, purchase the Machine on November 18, 2021, depositing 50% of the purchase price, totaling $111,652.00. *Id*. at Page ID 147, ¶ 8. Plaintiff later deposited the remaining purchase price on December 16, 2021 for a total of $223,304.00. *Id*. at Page ID 147, ¶ 10. Ultimately, Plaintiff relied on the representations from Defendant, through its employees and/or agents, to purchase a machine that does not perform as promised. *Id*. at Page ID 149, ¶¶ 27-31. These facts are sufficient to satisfy the particularity standard under Rule 9(b).

  **b. Plaintiff alleges the basic elements of a breach of contract claim.**

  Defendant correctly points out that this Court has previously discussed the evaluation of breach of contract claims at the motion to dismiss stage, writing:

> [I]t is not merely enough for a non-moving party to allege that a contract was breached. Rather, the complaint or counterclaim must provide 'further explanation, including the relevant terms of the . . . agreement, how the agreement was breached, and how the breach harmed the [non-moving party].

*Doe v. BMG Sports, LLC,* No. 1:20-CV-688, 2022 WL 345178, at *11 (S.D. Ohio Feb. 4, 2022) (*quoting Derbabian v. Bank of Am., N.A.,* 587 F. App'x 949, 954 (6th Cir. 2014)).

  However, the decision to grant the motion to dismiss in the *Doe* decision was due to the plaintiff's failure to put the defendant on notice because they failed to either attach the alleged contract or quote any of its terms. *Id.* ("In this case, Doe has not pointed to any specific language in the purported contract between himself and the School District, and that failure is fatal to his breach of contract claim.") "To survive a motion to dismiss, in other words, Plaintiffs must make sufficient factual allegations that, taken as true, raise the likelihood of a legal claim that is more than possible, but indeed plausible." *Id.* (*citing Darby v. Childvine, Inc.*, 964 F.3d 440, 444 (6th Cir. 2020)).

Plaintiff has done significantly more than the plaintiff in the *Doe* decision. And, by alleging that the Complaint does not satisfy the Federal Rules' pleading requirements, it is clear that Defendant did not read the Amended Complaint in its entirety. Defendant suggests that "Olwin only alleged '[t]he foregoing actions and/or inactions of Defendants constitute material breaches of the Agreement.'" *See* Motion, ECF No. 9 at Page ID 200. However, this is simply not the case.

### *Relevant Terms of the Agreement*

Plaintiff specifically refers to the full Agreement executed by both parties and even goes on to state the specific language at issue. *See* Amended Complaint, ECF No. 4 at Page ID 147, ¶ 9. Specifically, the Agreement contained an express warranty guaranteeing the purchased Machine would be "fully functional and operating properly" at the time of installation. *Id.* Moreover, the Plaintiff attached that very Agreement as an exhibit to its Amended Complaint. *Id.* at Page ID 159-184. Therefore, there is no plausible argument that Defendant did not have notice of the terms with which Plaintiff alleged it has breached.

### *How the Agreement was Breached*

Plaintiff's allegations of the breach itself are also contained in the Complaint. *See* Amended Complaint at Page ID 147, ¶ 13. As it relates to the specific breach, the Complaint alleges as follow:

> From the date of installation until present, the Machine has not worked as promised. Problems include, but are not limited to, the following: the 5-axis feature does not work properly when attempting to bevel; the Machine will not part mark with the Hyperterm XPR as it should (without modification of G-code); and the Machine will not pre-pierce (without modification of G-code).

5

*Id.* These are very specific allegations concerning the various breaches of the express warranty contained in the Agreement which, again, guaranteed a fully functional and operational machine.

*How the Breach Harmed the Non-Moving Party*

The breach, as described above, has harmed the Plaintiff. The specifics of that harm are contained in the Amended Complaint as well. *See* Amended Complaint at Page ID 147-18, ¶ 16. As explained therein, not only is the Plaintiff out the cost of the Machine, to the tune of over $200,000, but they also alleged damages due to lost time, lost materials, lost profits, loss of business and incidentals, plus attorneys' fees incurred and to be incurred in connection with prosecuting this claim. *Id.*

Finally, the *Doe* Court held, "…[t]he Court must "construe the complaint [or counterclaim] in the light most favorable to the plaintiff [or counterclaimant], accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff [or counterclaimant]." *Doe v. BMG Sports, LLC* (*citing Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)). Not only has Plaintiff alleged the basic elements of a breach of contract claim, but its Amended Complaint must be construed in its favor.

    **c. Unjust enrichment is permitted should the Court find there is no valid contract.**

Plaintiff recognizes that its claim for unjust enrichment is only available to it in the event the Court finds that the above referenced contract is invalid. And while the Plaintiff is confident in the validity of the Agreement, a claim for unjust enrichment is appropriate if this Court finds otherwise. Furthermore, despite Defendant's efforts to suggest that Plaintiff has failed to allege all elements of a claim for unjust enrichment, Plaintiff would respectfully disagree.

In order to state a claim for unjust enrichment, Defendant correctly points to the required elements, namely: (1) [i]t conferred a benefit on [defendant]; (2) [defendant] had knowledge of the benefit; and (3) the [defendant] retained the benefit under circumstances where it would be unjust to do so without payment. *See Jones v. Ohio Nat'l Life Ins. Co.,* No. 1:20-CV-654, 2022 WL 1128596, at *11 (S.D. Ohio Apr. 15, 2022).

Again, Plaintiff *has* alleged all elements required to set forth a claim for unjust enrichment, in the event the Agreement is deemed invalid. More specifically Plaintiff has alleged that on November 18, 2021 and December 16, 2021, Plaintiff paid Defendant a total of $223,304.00 for the purchase of the Machine, thereby conferring a benefit upon Defendant. *See* Amended Complaint, ECF No. 4 at Page ID 147, ¶¶ 8, 10. As a result, Defendant delivered the Machine to Plaintiff's place of business in Montgomery County, Ohio, thereby acknowledging receipt of the benefit, e.g. the purchase price. *Id.* at ¶ 11. Plaintiff has also alleged that the Machine did not work as promised, by specifically detailing the issues with the Machine, from the date of installation through present. *Id.* at ¶ 13. Plaintiff further alleged that Defendant failed to address the concerns regarding the Machine's failings. *Id.* at ¶ 14. Finally, the Plaintiff specifically alleged why it would be unjust for Defendant to retain the benefit. *Id.* at ¶ 33. ("Defendants have been unjustly enriched to the detriment of the Plaintiff, by failing to provide a machine that was fully functional and operating correctly at the time of installation, while retaining the full purchase price of the Machine.")

### d. Non-acceptance and revocation, under Texas law

According to Texas law, a buyer who rightfully rejects the goods or justifiably revokes his acceptance may recover breach of contract remedies for delivery of non-conforming goods

under section 2.711.  *See Emerson Elec. Co. v. Am. Permanent Ware Co.*, 201 S.W.3d 301, 310 (Tex. App. – Dallas 2006, no pet.).  That Court went on to state that, "In other words, for [plaintiff] to recover on its breach of contract claim, [plaintiff] had to prove that it either rejected or revoked acceptance of the elements.  *Id.*  In its Amended Complaint, Plaintiff alleged: (1) that it did not accept the Machine, due to its deficiencies at the time of installation (under Tex. Bus. & Com. Code Sec. 2.606); and (2) alternatively alleged that Plaintiff had revoked its acceptance of the Machine based on its non-conformity, which substantially impaired its value to Plaintiff (under Tex. Bus. & Com. Code Sec. 2.608).  *See* Amended Complaint, ECF No. 4 at Page ID 149, ¶¶ 20-26.  These allegations further support Plaintiff's breach of contract claim, which is sufficiently alleged in the Amended Complaint, as outlined more fully above.

### III.  CONCLUSION

As demonstrated above, Plaintiff has alleged ample facts to support each and every one of its claims and, accordingly, Plaintiff respectfully requests this Court deny Defendant MultiCam, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint and Memorandum in Support.

Respectfully submitted,

s/Richard L. Carr, Jr.
Richard L. Carr, Jr. (0003180)
David M. Rickert (0010483)
AUMAN, MAHAN & FURRY
110 North Main Street, Suite 1000
Dayton, OH 45402-1738
(937) 223-6003 / ext. 3113
(937) 223-8550 (fax)
rlc@amfdayton.com; dmr@amfdayton.com
*Attorney for Plaintiff, Olwin Metal Fabrication, LLC*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on June 22, 2022, I electronically filed the foregoing with the Clerk of the Court by using the ECF system which will send a notice of electronic filing to the following:

  Kelly E. Mulrane
  Benesch, Friedlander,
  Coplan & Aronoff LLP
  41 S. High Street, Suite 2600
  Columbus, Ohio 43215
  kmulrane@beneschlaw.com
  *Attorney for Defendant, MultiCam, Inc.*

  I also certify that on the same date, a courtesy copy was emailed to the following non-ECF registered counsel:

  Peter Loh
  Foley & Lardner LLP
  2021 McKinney Ave., Suite 1600
  Dallas, Texas 75201
  ploh@foley.com
  *Co-Counsel for Defendant, MultiCam, Inc.*

  John P. Susany
  JSusany@stark-knoll.com
  *Counsel for Defendant, MultiCam Great Lakes, Inc.*

            s/Richard L. Carr
            Richard L. Carr, Jr. (0003180)