# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION – DAYTON

| | | |
|---|---|---|
| OLWIN METAL FABRICATION LLC | ) | CASE NO. 3:22-CV-00100-MJN-CHG |
| | ) | |
| Plaintiff, | ) | JUDGE MICHAEL J. NEWMAN |
| | ) | |
| v. | ) | MAGISTRATE CAROLINE H. GENTRY |
| | ) | |
| | ) | **DEFENDANT MULTICAM GREAT** |
| MULTICAM GREAT LAKES, INC. | ) | **LAKES, INC. d/b/a MULTICAM OHIO** |
| d/b/a MULTICAM OHIO VALLEY | ) | **VALLEY TECHNOLOGY CENTER'S** |
| TECHNOLOGY CENTER, *et al.*, | ) | **PARTIAL MOTION TO DISMISS** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendant, MultiCam Great Lakes, Inc. d/b/a MultiCam Ohio Valley Technology Center ("MultiCam"), respectfully moves this Court to dismiss Counts Two (Non-Acceptance under Tex. Bus. & Com. Code Sec. 2.606) and Three (Revocation of Acceptance under Tex. Bus. & Com. Code Sec. 2.608) of the First Amended Complaint filed by Olwin Metal Fabrication LLC ("Olwin") for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). A Memorandum in Support of this Motion is attached hereto and incorporated herein by reference.

Respectfully submitted,

**STARK & KNOLL CO., L.P.A.**

_____
JOHN P. SUSANY (0039472)
KATHLEEN A. FOX (0084113)
STARK & KNOLL CO., L.P.A.
3475 Ridgewood Road
Akron, Ohio 44333
(330) 376-3300 – Telephone
(330) 376-6237 – Facsimile
jsusany@stark-knoll.com
kfox@stark-knoll.com
*Attorneys for Defendant MultiCam Great Lakes, Inc., d/b/a MultiCam Technology Center*

## MEMORANDUM IN SUPPORT OF DEFENDANT MULTICAM'S PARTIAL MOTION TO DISMISS COUNTS TWO AND THREE OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Counts Two and Three of Olwin's Amended Complaint fail for one simple reason: they are not recognized as stand-alone causes of action. Instead, these counts are duplicative of Olwin's breach of contract claim. Because Counts Two and Three are not stand-alone causes of action, they should be dismissed.

**I.　ARGUMENT**

**A. Standard for Motion to Dismiss**

In evaluating a motion for dismissal under Rule 12(b)(6), the district court must "consider the pleadings and affidavits in a light most favorable to the [non-moving party]." *Jones v. City of Carlisle, Ky.*, 3 F.3d. 945, 947 (6th Cir. 1993)(quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980)). However, though construing the complaint in favor of the non-moving party, a trial court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F.Supp. 971, 975 (S.D. Ohio 1993). "A Plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly* at 555.

  **B.** **Olwin's "claims" under the Texas Business & Commerce Code are not stand-alone causes of action and should be dismissed.**

MultiCam joins in its co-defendant's Motion to Dismiss with respect to Counts Two ("Non-Acceptance") and Three ("Revocation of Acceptance") of Olwin's Amended Complaint. Indeed, this Court should dismiss these "claims," brought under the Texas Business & Commerce Code, because they are not stand-alone causes of action, but instead arise out of the same allegations underlying Olwin's claim for breach of contract (Count One).

Olwin's Count Two ("Non-Acceptance") cites to Section 2.606 of the Texas Business & Commerce Code, which reads, in full:

> (a) Acceptance of goods occurs when the buyer
>  (1) after a reasonable opportunity to inspect the goods signifies to the seller that the goods are conforming or that he will take or retain them in spite of their non-conformity; or
>  (2) fails to make an effective rejection (Subsection (a) of Section 2.602), but such acceptance does not occur until the buyer has had a reasonable opportunity to inspect them; or
>  (3) does any act inconsistent with the seller's ownership; but if such act is wrongful as against the seller it is an acceptance only if ratified by him.
> (b) Acceptance of a part of any commercial unit is acceptance of that entire unit.

Tex. Bus. & Com. Code § 2.606. Likewise, Olwin's Count Three ("Revocation of Acceptance"), cites to Section 2.608 of the Texas Business & Commerce Code, which states:

> (a) The buyer may revoke his acceptance of a lot or commercial unit whose non-conformity substantially impairs its value to him if he has accepted it

3

> (1) on the reasonable assumption that its non-conformity would be cured and it has not been seasonably cured; or
> (2) without discovery of such non-conformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.
>
> (b) Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it.
>
> (c) A buyer who so revokes has the same rights and duties with regard to the goods involved as if he had rejected them.

Tex. Bus. & Com. Code § 2.608.

Neither statute provides for a specific cause of action. This is for good reason. **Texas case law shows that the revocation of acceptance or rejection of goods under the Texas Uniform Commercial Code is *not* a separate cause of action, but is instead a component of a breach-of-contract claim per the Texas UCC.** *See, e.g., Emerson Elec. Co. v. Am. Permanent Ware Co.*, 201 S.W.3d 301, 310 (Tex. App.—Dallas 2006, no pet.)("A buyer who rightfully rejects the goods or justifiably revokes his acceptance may recover breach of contract remedies for delivery of non-conforming goods under section 2.711. In other words, for [plaintiff] to recover on its breach of contract claim, [plaintiff] had to prove that it either rejected or revoked acceptance of the elements. *The issue was not an independent theory of recovery*; it was a component of [plaintiff's] breach of contract claim and necessarily referable to it.")(internal citations omitted)(emphasis added)); *Selectouch Corp. v. Perfect Starch, Inc.*, 111 S.W.3d 830, 834 (Tex. App.—Dallas 2003, no pet.) ("A buyer who rightfully rejects the goods or justifiably revokes his acceptance may recover breach of contract remedies for delivery of non-conforming goods...."); *see also Paul Mueller Co. v. Alcon Laboratories, Inc.*, 993 S.W.2d 851, 855 (Tex. App.—Fort Worth 1999, no pet.) (citing

4

Tex. Bus. & Com. Code § 2.206) ("Where acceptance has occurred, a cause of action for breach of contract is available if the buyer's acceptance is subsequently revoked.").

Here, Olwin has already brought a claim for breach of contract. Its citations to the Texas Business & Commerce Code are nothing more than elements that *comprise* its (already asserted) Count One (Breach of Contract). Indeed, Texas law does not recognize these provisions as separate causes of actions. Therefore, this Court should dismiss Counts Two (Non-Acceptance under Tex. Bus. & Com. Code Sec. 2.606) and Three (Revocation of Acceptance under Tex. Bus. & Com. Code Sec. 2.608) for failure to state a claim upon which relief can be granted.

## II.  CONCLUSION

Olwin wrongly attempts to take multiple bites of the same apple by raising claims that simply cannot stand alone as separate causes of action. Olwin cites to two different provisions of Texas statutes in an attempt to plead Counts Two and Three, but Texas law does not recognize such "claims". Therefore, MultiCam respectfully requests that this Court dismiss Counts Two (Non-Acceptance under Tex. Bus. & Com. Code Sec. 2.606) and Three (Revocation of Acceptance under Tex. Bus. & Com. Code Sec. 2.608) of Olwin's Amended Complaint for failure to state a claim upon which relief can be granted.

Respectfully submitted,

**STARK & KNOLL CO., L.P.A.**

_/s/ John P. Susany_
JOHN P. SUSANY (0039472)
KATHLEEN A. FOX (0084113)
STARK & KNOLL CO., L.P.A.
3475 Ridgewood Road
Akron, Ohio 44333
(330) 376-3300 – Telephone
(330) 376-6237 – Facsimile
jsusany@stark-knoll.com
kfox@stark-knoll.com

## CERTIFICATE OF SERVICE

      I hereby certify that a true and accurate copy of the foregoing was served this 30 day of June, 2022 by electronic mail, pursuant to Civ. R. 5(B)(2)(f), upon:

| | |
|---|---|
| Richard L. Carr, Jr.<br>David M. Rickert<br>AUMAN, MAHAN & FURRY<br>110 North Main Street, Suite 100<br>Dayton, OH 45402-1738<br>Phone: (937) 223-6003 / ext.3113<br>Fax: (937) 223-8550<br>Email: rcl@amfdayton.com<br>         dmr@amfdayton.com<br>*Attorneys for Plaintiff, Olwin Metal Fabrication, LLC* | Kelly E. Mulrane<br>BENESCH, FRIEDLANDER, COPLAN & ARONOFF, LLP<br>41 S. High Street, Suite 2600<br>Columbus, Ohio 43215<br>Phone: (614) 223-9300<br>Fax: (614) 363-4588<br>Email: kmulrane@beneschlaw.com<br>*Attorneys for Defendant MultiCam, Inc.* |

 

_____
*One of the attorney's for Defendant MultiCam Great Lakes, Inc., d/b/a MultiCam Technology Center*