IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - DAYTON

| | |
|---|---|
| OLWIN METAL FABRICATION, LLC, | Case No. 3:22-CV-00100-MJN-CHG |
| *Plaintiff,* | |
| v. | JUDGE MICHAEL J. NEWMAN |
| MULTICAM, INC. | MAGISTRATE JUDGE CAROLINE H. GENTRY |
| and | |
| MULTICAM GREAT LAKES, INC. D/B/A MULTICAM OHIO VALLEY TECHNOLOGY CENTER, | |
| *Defendants.* | |

**MULTICAM'S REPLY IN SUPPORT OF MULTICAM INC.'S MOTION TO DISMISS**

Defendant MultiCam, Inc. ("*MultiCam*"), by and through its attorneys of record, files this Reply in Support of its Motion to Dismiss Plaintiff Olwin Metal Fabrication, LLC's ("*Olwin*") First Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

**A.  Olwin Attempts (and Fails) to Cure its Group Pleading.**

Olwin brings suit against two distinct entities: MultiCam and its co-defendant, MultiCam Great Lakes, Inc. ("*Great Lakes*"). (*See* Am. Compl., ECF No. 4 at PageID 146). Nonetheless, the Amended Complaint fails to distinguish one between the other, i.e. group pleading. (*See generally id.*, ECF No. 4 at PageID 146–50). Olwin now realizes the error of its ways and attempts to switch horses mid-stream.

1.  *CNC.*

Olwin now argues that MultiCam and Great Lakes were operating as "one entity,"

Page 1

something it refers to as "MultiCam Complete CNC Solutions" ("CNC"). (Resp. to Mot. to Dismiss, ECF No. 10, at PageID 208). This after-the-fact explanation does not save the Amended Complaint from its fatal flaw. A pleading must give each defendant fair notice of the charges against it. *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008). "Courts within the Sixth Circuit, however, do not permit 'group pleading' outside of certain fraud claims." *Robertson v. Univ. of Akron School of Law*, 2021 WL 3709915, at *5 (N.D. Ohio Aug. 20, 2021).

Olwin's new theory concerning CNC is conspicuously absent from the Amended Complaint. Indeed, Olwin brought *no* allegations or claims against this (supposed) entity but rather very clearly did so against two distinct defendants. Olwin points to the Amended Complaint's allegation that both MultiCam and Great Lakes "are in the same business of 'manufacturing cutting machines.'" (Resp. to Mot. to Dismiss, ECF No. 10, at PageID 208). This is unpersuasive. Indeed, Coca-Cola and PepsiCo are both in the soft drink business, but no one reasonably thinks the two companies operate as one.

Olwin then cites exhibits to the Amended Complaint depicting a website in support of its theory about CNC. (Resp. to Mot. To Dismiss, ECF No. 10, at PageID 207). The exhibits do not support Olwin's claim. First, Olwin website screenshots are of *Great Lakes's* website—not MultiCam's. (*See* Exhibit A, Am. Compl. ECF No. 4 at PageID 153–57). Second, it is apparent that the phrase "Complete CNC Solutions" is just that—nothing more than a tagline to describe a product(s) that Great Lakes is selling. (*See, e.g.,* Am. Compl., ECF No. 4 at PageID 153,157) Nowhere does the screenshot describe CNC as being a distinct legal entity capable of playing a role in this lawsuit. (*See generally* Am. Compl., ECF No. 4 at PageID 153–57).

Second, Olwin relies heavily on its agreement for the purchase of the ARCOS Series Plasma Machine (the "*Machine*"). Olwin asserts that this agreement establishes the existence of

Page 2

CNC. (*See* Resp. to Mot. to Dismiss, ECF No. 10 at PageID 207–08). Olwin, however, does not include or reference the contract's terms or statements to allege a joint enterprise between MultiCam and Great Lakes or the existence of CNC. (*See generally* Am. Compl., ECF No. 4 at PageID 145–52). This is because the contract makes no representation that MultiCam or any of the described "technology centers" (including Great Lakes) are somehow a joint entity. (*See* Am. Compl. Ex. C, ECF No. 4 at PageID159–82). In fact, the signature page of the contract expressly references *Great Lakes* and its actions, not *MultiCam.* (*Id.* at PageID 181).

    2.    *Fraud.*

In spite of Olwin's efforts to contrive claims implicating CNC, MultiCam remains unable to discern which specific claims Olwin actually asserts against *MultiCam*. For example, Olwin explains the fraud claim by arguing that a "[CNC] employee" made the specific representations at issue in the claim. (Resp. to Mot. to Dismiss, ECF No. 10 at PageID 208). This does not help. The supposed CNC entity is not a party to the lawsuit. MultiCam is still left to wonder on *whose* behalf the alleged individual made the statement. Was it Great Lakes or MultiCam? Olwin can only point to the phantom CNC entity but fails to explain how CNC could plausibly exist as MultiCam describes above. (*See* Am. Compl., ECF No. 4 at PageID 146).

    3.    *Breach of contract.*

With respect to the breach of contract claim, Olwin fails to allege *who* is a party to the contract (MultiCam or Great Lakes?) and *which* of them party breached the contract. (*See generally* Am. Compl., ECF No. 4 at PageID 147–48). Olwin's response contains no clarification. (Resp. to Mot. to Dismiss, ECF No. 10 at PageID 210–11). MultiCam cannot reasonably defend itself from Olwin's current allegations and failure to distinguish between the two named defendants: MultiCam and Great Lakes. Olwin's pleading (and its attempts to re-characterize it in

its response) does not give MultiCam fair notice of the claims against it.

    4. *Unjust enrichment*

Olwin claims in support of its unjust enrichment claim that it "paid Defendant a total of $223,304.00 for the purchase of the Machine, thereby conferring a benefit upon Defendant." (Resp. to Mot. to Dismiss, ECF No. 10 at PageID 212). Yet again Olwin's pleadings fail to identify *which* defendant received this benefit. (Am. Compl., ECF No. 4 at PageID 147, 150). This Court should dismiss Olwin's First, Fourth, and Fifth Claims for Relief.

**B.    Olwin Concedes that "Claims" Arising from the Texas Business & Commerce Code Are Not Legally Cognizable.**

Olwin's response regarding its "claims" under the Texas Business & Commerce Code (the "<u>Code</u>") is telling. Olwin never disputes that the Code does not provide for a cause of action. Instead, Olwin asserts that it has alleged facts supporting the elements of the "claims" arising from the Code, and "[t]hese allegations further support Plaintiff's breach of contract claim…." (Resp. to Mot. to Dismiss, ECF No. 10 at PageID 212–13). Simply put, Texas law does not recognize "claims" under the Code. The Court should dismiss Olwin's Second and Third Claims for Relief in the Amended Complaint.

## II.    CONCLUSION

The Amended Complaint attempts to hold MultiCam accountable for their dissatisfaction with the Machine fail as a matter of law. Olwin fails to plead its lawsuit with the appropriate level of specificity. Moreover, Olwin asserts "claims" Texas law does not recognize. This Court should dismiss the Complaint as to MultiCam and award to MultiCam all relief to which it is entitled at law or in equity.

Respectfully submitted,

 s/ Kelly E. Mulrane
Kelly E. Mulrane (0088133)
Trial Attorney
**BENESCH, FRIEDLANDER,**
**COPLAN & ARONOFF LLP**
41 S. High Street, Suite 2600
Columbus, Ohio 43215
Telephone: 614.223.9300
Facsimile: 614.223.9330
Email: kmulrane@beneschlaw.com

Peter Loh (*pro hac vice forthcoming*)
Davis G. Mosmeyer III (*pro hac vice forthcoming*)
Foley & Lardner LLP
2021 McKinney Ave, Suite 1600
Dallas, Texas 75201

**ATTORNEYS FOR DEFENDANT**
**MULTICAM, INC.**

## CERTIFICATE OF SERVICE

The undersigned Counsel hereby certifies that the foregoing has been served via ECF and/or email and/or U.S. mail, postage prepaid on this the 6th day of July 2022, to the following:

                                        *s/ Kelly E. Mulrane*
                                        Kelly E. Mulrane (0088133)

Richard L. Carr, Jr. (0003180)
David M. Rickert (0010483)
AUMAN, MAHAN & FURRY
110 North Main Street, Suite 1000
Dayton, OH 45402-1738
(937) 223-6003 ext. 3113
(937) 223-8550 (facsimile)
rlc@amfdayton.com
dmr@amfdayton.com

*Attorneys for Plaintiff Olwin Metal Fabrication, LLC*

John P. Susany (0039472)
Kathleen A. Fox (0084113)
STARK & KNOLL CO., L.P.A.
3475 Ridgewood Road
Akron, Ohio 44333
(330) 376-3300
(330) 376-6237 (facsimile)
jsusany@stark-knoll.com
kfox@stark-knoll.com

*Attorneys for Defendant MultiCam Great Lakes, Inc., d/b/a MultiCam Technology Center*