UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

OLWIN METAL FABRICATION, LLC,

      Plaintiff,                             Case No. 3:22-cv-100

vs.

MULTICAM, INC., *et al.*,                District Judge Michael J. Newman
                                      Magistrate Judge Caroline H. Gentry

      Defendants.

---

## ORDER TO SHOW CAUSE

---

Plaintiff Olwin Metal Fabrication, LLC ("Olwin") sued Defendants in the Montgomery County, Ohio Court of Common Pleas. Doc. No. 1-3. Defendant MultiCam, Inc. ("MultiCam") timely removed the case to this Court asserting diversity of citizenship jurisdiction. Doc. No. 1; *see* 28 U.S.C. § 1332. MultiCam is a Texas corporation with its principal place of business in Texas. Doc. No. 1 at PageID 3; Doc. No. 4 at PageID 146. Defendant MultiCam Great Lakes, Inc. ("MultiCam Great Lakes") is a Michigan corporation with its principal place of business in Michigan and consents to removal. Doc. No. 1 at PageID 2–3; Doc. No. 4 at PageID 146. Olwin's complaint notes that it is an Ohio-based LLC with its principal place of business in Ohio, but it does not disclose the citizenship of its members. Doc. No. 4 at PageID 145–46. MultiCam's notice of removal states that "upon information and belief, no member of [Olwin] is a citizen of Texas or Michigan." Doc. No. 1 at PageID 3. For that reason, MultiCam asserts that complete diversity of citizenship exists among the parties. *Id.*

This Court has a duty to review *sua sponte* whether subject matter jurisdiction exists in each case before it. *See Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d

459, 465 (6th Cir. 2009) (holding that "federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*" (citations omitted)). "Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). The removing party bears the burden of proving that this Court would have had subject matter jurisdiction had the non-removing party filed the complaint in federal court. *See Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006).

"A limited liability company (commonly known as an 'LLC') has the citizenship of its members and sub-members." *Akno 1010 Market St. St. Louis Mo. LLC v. Pourtaghi*, --- F.4th ---, 2022 WL 3148057, at *1 (6th Cir. Aug. 8, 2022) (first citing *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); and then citing *B&N Coal, Inc. v. Blue Race Midstream, LLC*, No. 19-4111, 2020 WL 9474311, at *1 (6th Cir. Dec. 2, 2020)). "Unlike a corporation, an LLC's state of organization does not establish its citizenship." *Id.* (citing 28 U.S.C. § 1332). A removing defendant's notice of removal must affirmatively allege the citizenship of each party, including LLCs. *See, e.g.*, *B&N Coal*, 2020 WL 9474311, at *1. "Information and belief" that an LLC's members are *not* citizens of a particular state is insufficient; "the court *needs* to know the citizenship of each member of the company." *Delay*, 585 F.3d at 1005 (emphasis added).

Accordingly, MultiCam is **ORDERED TO SHOW CAUSE**, in writing, and on or before **August 22, 2022**, why this matter should not be remanded to state court for lack for subject matter jurisdiction. Olwin may, but is not required to, file an opposition memorandum in response to MultiCam's show cause response on or before **August 29, 2022**. MultiCam and MultiCam Great

Lakes's pending motions to dismiss (Doc. Nos. 9, 14) will be held in abeyance unless, and until,

the Court is satisfied of its subject matter jurisdiction.

**IT IS SO ORDERED.**

Date:  August 15, 2022                    s/Michael J. Newman
                                          Hon. Michael J. Newman
                                          United States District Judge