UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

OLWIN METAL FABRICATION, LLC,

    Plaintiff,                             Case No. 3:22-cv-100

vs.

MULTICAM, INC., *et al.*,                  District Judge Michael J. Newman
                                                                    Magistrate Judge Caroline H. Gentry

    Defendants.

---

**ORDER: (1) REMANDING THIS CASE TO THE MONTGOMERY COUNTY, OHIO COMMON PLEAS COURT; (2) DENYING DEFENDANTS' MOTION FOR JURISDICTIONAL DISCOVERY (Doc. No. 21); (3) DENYING AS MOOT ALL REMAINING MOTIONS (Doc. No. 9, 11, 14); AND (4) TERMINATING THIS CASE ON THE DOCKET.**

---

This civil case is before the Court following the parties' responses to its Show Cause Order issued on August 15, 2022. Doc. Nos. 20, 21, 22. In that order, this Court directed Defendants MultiCam, Inc. ("MultiCam") and MultiCam Great Lakes, Inc. ("MultiCam Great Lakes") to show cause why this case—removed on the basis of diversity jurisdiction—should not be remanded for lack of diversity.[1] Doc. No. 20 at PageID 263–64. In their response, MultiCam and MultiCam Great Lakes (collectively, "Defendants") filed a "Motion for Leave to Conduct Jurisdictional Discovery." Doc. No. 21. Plaintiff Olwin Metal Fabrication, LLC ("Olwin") also responded, indicating that it wishes for this Court to conduct full discovery, rather than limiting discovery to jurisdictional facts. Doc. No. 22. This matter is ripe for review.

**I.**

Olwin first sued Defendants in the Montgomery County, Ohio Common Pleas Court on

---

[1] Recognizing that MultiCam and MultiCam Great Lakes are not Ohio citizens, *see infra* Part I, 28 U.S.C. § 1441(b)(2) is not a bar to removal.

March 15, 2022. Doc. Nos. 1-3, 3. It alleged that Defendants breached their contract[2] with Olwin to deliver industrial cutting machinery. Doc. No. 3 at PageID 109. Defendants timely removed on April 14, 2022, claiming diversity jurisdiction. Doc. No. 1. They indicated that MultiCam is a Texas corporation with its principal place of business in Texas, while MultiCam Great Lakes is a Michigan corporation with its principal place of business in Michigan. Doc. No. 1 at PageID 2–3; Doc. No. 4 at PageID 146. Likewise, Defendants asserted that Olwin is "an Ohio Limited Liability Company[,]" but they did not allege the citizenship of Olwin's members. *See* Doc. No. 1 at PageID 3.

Apprehensive because no party showed that Olwin's members were citizens of different states than Defendants, *see Akno 1010 Market St. St. Louis Mo. LLC v. Pourtaghi*, 43 F.4th 624, 626 (6th Cir. 2022), this Court issued its Show Cause Order on August 15, 2022, Doc. No. 20. In response, Defendants moved for permission to conduct jurisdictional discovery. Doc. No. 21. They noted that, despite asking Olwin to clarify the citizenship of its members, Olwin has chosen not to answer. Doc. No. 21-1 at PageID 272. Moreover, Defendants reviewed Olwin's website and its Articles of Incorporation. *Id.* at PageID 275. They note that Olwin's owner (who is also its statutory agent) resides in Ohio. *Id.* at PageID 275. Defendants further contend that, based on a telephone call with Olwin's counsel to discuss removal, counsel did not raise any argument that diversity jurisdiction was lacking. Doc. No. 21 at PageID 267.

Ultimately, Defendants contend that they require jurisdictional discovery to prove there is a valid basis for removal. *Id.* According to them, because Olwin refuses to tell them where its members are located, Defendants have no other means of proving Olwin's citizenship. *Id.* at

---

[2] Olwin alleged four claims: (1) breach of contract; (2) non-acceptance, which is a claim under Texas law; (3) revocation of acceptance, another claim exclusive to Texas law; and (4) unjust enrichment. *See* Doc. No. 3 at PageID 110–12.

PageID 268 ("[G]iven [Olwin's] refusal to respond, MultiCam has no avenue to establish the facts necessary to adequately respond to the Show Cause Order until after conducting the requested jurisdictional discovery").  Olwin, in response, does not indicate that it opposes jurisdictional discovery, but it argues that this case should proceed to full discovery.  *See* Doc. No. 22.

## II.

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  These "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."  *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).  This is so "even though the parties are willing to concede it."  *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see also McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 184 (1936) ("The trial court is not bound by the pleadings of the parties, but may, of its own motion, if led to believe that its jurisdiction is not properly invoked, inquire into the facts as they really exist" (quotations omitted)).  "Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State."  *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).  The removing party bears the burden of proving that this Court would have had subject matter jurisdiction had the non-removing party filed the complaint in federal court.  *See Kokkonen*, 511 U.S. at 377; *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006).

"A limited liability company (commonly known as an 'LLC') has the citizenship of its members and sub-members."  *Akno*, 43 F.4th at 626 (first citing *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); and then citing *B&N Coal, Inc. v. Blue Race Midstream, LLC*, No. 19-4111, 2020 WL 9474311, at *1 (6th Cir. Dec. 2, 2020)).  A removing defendant's notice of removal must affirmatively allege the citizenship of each party, including LLCs.  *See,*

3

*e.g.*, *B&N Coal*, 2020 WL 9474311, at *1.  "Information and belief" that an LLC's members are *not* citizens of a particular state is insufficient; "the court *needs to know* the citizenship of each member of the company." *Delay*, 585 F.3d at 1005 (emphasis added).

### III.

Defendants' request for limited jurisdictional discovery—to prove that Olwin's members are not citizens of either Texas or Michigan—does not convince the Court to retain this case. Rather, granting this motion would contravene ordinary principles governing removal.  Ultimately, Defendants cannot meet their burden to prove, at the time of removal, that this Court has subject matter jurisdiction.  Accordingly, this matter should be remanded to state court.

Defendants' first argument relies on caselaw that they contend supports the broad proposition that parties may receive jurisdictional discovery to prove they belong in federal court. *See* Doc. No. 21 at PageID 267–68.  However, the cases cited are inapt because they allow *plaintiffs* to conduct discovery to prove subject matter jurisdiction.  *See, e.g.*, *C.H. By & Through Shields v. United States*, 818 F. App'x 481, 484 (6th Cir. 2020) ("[P]*laintiffs* must be given an opportunity to secure and present relevant evidence to the existence of jurisdiction when a defendant challenges a court's actual subject matter jurisdiction" (emphasis added) (quotations and quotation marks omitted)); *N.B. by Bray v. Bon Secours Mercy Health*, No. 1:20-cv-699, 2021 WL 2334177, at *2 (S.D. Ohio June 8, 2021).   The same rationale does not apply for removing defendants, "who must be prepared *at the moment of removal* to demonstrate by a preponderance of the evidence that federal jurisdiction exists." *Mays v. Wal-Mart Stores, Inc.*, 751 F. Supp. 2d 946, 947 (E.D. Ky. 2010) (Thapar, J.) (emphasis in original); *see also id.* at 950–54 (distinguishing plaintiffs' and defendants' requests to conduct jurisdictional discovery based on state sovereignty grounds).  To hold otherwise would permit defendants to prematurely remove and conduct "fishing expeditions" without an adequate basis for invoking a federal court's limited jurisdiction. *Lowery*

4

*v. Ala. Power Co.*, 483 F.3d 1184, 1217 (11th Cir. 2007) (rejecting defendants' request for post-removal jurisdictional discovery because it "was tantamount to an admission that defendants did not have a factual basis for believing that jurisdiction exists"). Moreover, deciding whether to permit jurisdictional discovery is discretionary. *See KNC Invs., LLC v. Lane's Ends Stallions, Inc.*, 579 F. App'x 381, 385 (6th Cir. 2014) (citing *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229 (6th Cir. 1981)).  This Court is within its discretion to deny this motion because Defendants have failed to present "probative evidence" of Olwin's members' citizenship. *Id.*

Neither the email exchanges, the phone call between counsel, Olwin's Articles of Incorporation, nor its website present such evidence.  First, the email exchanges only show that Olwin refuses to admit its members' citizenship, so this is neither supportive nor probative of whether diversity jurisdiction exists here.  *See* Doc. No. 21-1 at PageID 272.  Second, as to the phone call, this merely asserts the parties do not believe that Olwin's members are citizens of Texas or Michigan.  *See* Doc. No. 21 at PageID 267.  That is just "a bare assertion that the defendants are of another state different from the Plaintiff"—not support justifying retention.  *Dancel v. Groupon, Inc.*, 940 F.3d 381, 385 (7th Cir. 2019) (quotation omitted); *cf. Akon*, 43 F.4th at 627 (citing *Delay*, 585 F.3d at 1005).  Finally, the Articles of Incorporation and Olwin's website simply demonstrate that its statutory agent and owner are citizens of Ohio.  *See* Doc. No. 21-1 at PageID 275, 291–92.  While their citizenship can be relevant, *see, e.g.*, *Engle v. UHaul*, 208 F. Supp. 3d 844, 849 (S.D. Ohio 2016), it is not dispositive here because Defendants have not established "the citizenship of *each* partner or member" of Olwin, *Delay*, 585 F.3d at 1005 (emphasis added) (citation omitted), who may be different from the owners and statutory agents.

Even if it is doubtful that Olwin's members are citizens of Texas or Michigan, "removal statutes are to be strictly construed and 'all doubts resolved against removal.'" *Mays v. City of*

5

*Flint*, 871 F.3d 437, 442 (6th Cir. 2017) (quoting *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007)) (citing *Eastman*, 438 F.3d at 550). Considering this, as well as Defendants' tacit admission that it cannot prove the citizenship of Olwin's members, Doc. No. 21 at PageID 268, the Court is unconvinced in this case of "the citizenship of each member and sub-member" of Olwin, an LLC. *Akno*, 43 F.4th at 627 (citing *Delay*, 585 F.3d at 1005).

Remand is appropriate here. Remanding this case will preserve this Court's resources and avoid "introducing a mini-litigation on the threshold issue of diversity of citizenship," considering "[l]itigation can be complex enough without introducing a preliminary round that could last months just to get to square one." *Northfield Ins. Co. v. GM Star Constr., Inc.*, 532 F. Supp. 3d 73, 74 (E.D.N.Y. 2013); *see also Mays*, 751 F. Supp. 2d at 954. While inconvenient, Defendants have a plausible option: return to state court and remove if discovery there reveals that this case is removable. *See, e.g.*, *Mays*, 751 F. Supp. 2d at 953–54; *see also* 28 U.S.C. § 1446(b)(3), (c)(1) (establishing that a defendant may remove within thirty days of discovering that a case is properly removable but has only up to one year to remove based on diversity). Thus, in the interest of judicial economy, jurisdictional discovery is inappropriate, and remand is warranted.

## IV.

This Court therefore **ORDERS** this case be **REMANDED** to the Montgomery County, Ohio Common Pleas Court. Defendants' motion for jurisdictional discovery (Doc. No. 21) is **DENIED**, and the remaining motions on the docket (Doc. Nos. 9, 11, 14) are all **DENIED AS MOOT**. This case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

Date:  September 28, 2022              s/Michael J. Newman
                                       Hon. Michael J. Newman
                                       United States District Judge